IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE LEON GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-05-1206-L |
| ) | |
| MARCO J. PALUMBO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This matter is before the court for review of the October 21, 2005 Report and Recommendation entered by United States Magistrate Judge Doyle W. Argo in this civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff, a state prisoner appearing *pro se*.  Upon a thorough review of the records of the courts, including numerous civil rights actions previously filed by plaintiff in this court and the United States District Court for the Northern District of Oklahoma, the Magistrate Judge found that at least three of plaintiff's previous actions have been dismissed as either frivolous or for failure to state a claim.  Thus, the Report and Recommendation concludes that pursuant to 28 U.S.C. § 1915(g), plaintiff is not eligible to proceed *in forma pauperis* in the present action and that his complaint should be dismissed without prejudice unless plaintiff pays the $250 filing fee.

The court file reflects that plaintiff filed a written objection to the Report and Recommendation and later filed an application for disqualification of the court and an application for access to the law library.  The court has reviewed plaintiff's objection as well as his other filings and finds that they are insufficient to overturn the conclusions of the Magistrate Judge which are well supported by plaintiff's procedural history and controlling legal authorities.  The court rejects plaintiff's contention that his thirty year prison sentence should be considered equivalent to the imminent danger of serious physical injury.  Absent a showing of such a danger, there is no question that the Magistrate Judge properly found that plaintiff was not entitled to file a new civil action without prepayment of the entire filing fee.

Significantly, plaintiff's objections do not dispute the record of his previously filed (and dismissed) civil actions or the applicability of the statute cited by the Magistrate Judge in the Report and Recommendation.  Rather, plaintiff's filings primarily contain allegations of "bias, prejudice, and oppression" against the judges of this court.  In light of plaintiff's *pro se* status, the court construes his pleadings liberally.  However, as the Tenth Circuit has recently observed, the court should not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (citing Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978)).  The liberal nature of *pro se* practice is a "shield against the technical

requirements of a past age; it is not a sword with which to insult a trial judge." Id. Plaintiff's allegations of bias and prejudice are contradicted by the impartial and thorough manner in which his numerous filings have been evaluated and liberally construed by the court.  Also, his allegations of denial of access to the courts or to justice are contradicted by the sheer volume of his filings, which have been properly considered under the established legal precedents despite their largely disrespectful tone.  As pointed out by the Magistrate Judge, 28 U.S.C. § 1915(g) does not operate to prevent plaintiff from filing a new civil action, it merely prohibits him the privilege of proceeding without paying the filing fee. The court believes there is no reasonable, objective basis on which the court's impartiality may be reasonably questioned in connection with its documented actions in this case.  Therefore, plaintiff's Application for Disqualification of Entire Court **[Doc. No. 8]** should be and is **DENIED**.  Because plaintiff's allegations of bias and prejudice are unfounded, plaintiff's Application for Court Order for Prompt Access to Jail's Law Library to Adequately Defend Instant Actions **[Doc. No. 9]** is also **DENIED.**

Having conducted a *de novo* review of the matter, the court finds that the Report and Recommendation should be and is hereby adopted in its entirety. **Unless plaintiff pays the $250 filing fee in full to the clerk of the court within twenty (20) days of the date of this order, this action will be dismissed**

**without prejudice without further notice.**

It is so ordered this 30th day of January, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge